IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TRACY A. BRIGHT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 15 C 7110 |
| ) | |
| WESTERN EXPRESS, INC., ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM ORDER**

Initially counsel for plaintiff Tracy Bright ("Bright") violated this District Court's LR 5.2(f) by failing to comply with its requirement that promptly after suit was filed a paper copy of Bright's Complaint had to have been delivered to the chambers of the District Judge to whom the case had been randomly assigned. After this Court had waited over a week for such compliance with LR 5.2(f), it issued a short memorandum order that required the delivery of the missing copy of the Complaint forthwith and imposed a $100 fine for the LR violation.

Now Bright's counsel has cured that procedural delinquency and paid the fine, but the delivery of the Complaint has disclosed far more vital flaws -- one of which is noncurable -- that call for dismissal of the action. This second memorandum order will address those flaws.

To begin with, counsel's effort to invoke the diversity-of-citizenship branch of federal jurisdiction runs afoul of our Court of Appeals' directive, repeated in such cases as Adams v. Catrambone, 359 F.3d 858, 861 n.3 (7th Cir. 2004) that "[w]hen the parties allege residence but not citizenship, the District Court must dismiss the suit." That is just what Bright's counsel has alleged as to the plaintiff herself in Complaint ¶ 11. This Court ordinarily views that dismissal

mandate as Draconian in nature, so that it normally works out an alternative that permits a curative amendment so that the lawsuit may remain in the federal judicial system (after all, for most people their states of residence coincide with their states of citizenship).

Here, however, Bright's attempt to hale defendant Western Express, Inc. ("Western") into this District Court to defend against Bright's lawsuit poses a far more fundamental problem. This is a personal injury action arising out of an August 29, 2013 motor vehicle accident on interstate highway I-81 in Roanoke County, Virginia, where the driver of a Western-owned motor vehicle assertedly "made an abrupt lane change" that forced the motorcycle being operated by Bright off of the roadway. Yet all that the Complaint asserts as to Western is this (Complaint ¶ 10):

> Defendant, WESTERN EXPRESS, INC., is a Tennessee corporation, but does substantial business in Cook County, Illinois.

Just a bit over 1-1/2 years ago the United States Supreme Court scotched any notion that the principles of "general jurisdiction" over corporations under state long-arm statutes stretch to encompass lawsuits such as this one (Daimler AG v. Bauman, 131 S. Ct. 746, 754-58 (2014)). And that definitive ruling clearly calls for dismissal of this action in this Illinois forum.

Accordingly both the Complaint and this action are dismissed sua sponte. And because the reason for such dismissal is predicated on the absence of in personam general jurisdiction (as well, of course, as the absence of specific jurisdiction) over Western, the dismissal is without prejudice to Bright's refiling of her suit in a forum that does not pose like problems.

This Court has not undertaken to look at the statute of limitations applicable to this type of action in the relevant jurisdiction for limitations purposes (presumably Virginia, the place of

the alleged wrong, although that is for Bright's counsel to determine).[1] Because of the possibility that such jurisdiction has a limitations statute akin to that established by Illinois statute -- two years -- this opinion is being issued immediately after this Court's receipt of the Complaint, to give Bright's counsel the opportunity to bring a timely lawsuit if that is the case.

_____
Milton I. Shadur
Senior United States District Judge

Date: August 24, 2015

---

[1] That determination is not, of course, the same determination called for in the preceding paragraph: the choice of forum.